# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE SHANKLIN, MICHAEL CRAWFORD, DWAYNE MCWILLIAMS** and **LONNIE NORMAN,**<br>　　　　Plaintiffs,<br><br>V<br><br>**UNITED TOWING INC.,**<br>　　　　Defendants. | Case No.<br>District Judge:<br>Magistrate Judge: |

---

**Miller Cohen P.L.C**
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Kathleen R. Kosman (P77621)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
kkosman@millercohen.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other pending or resolved civil action
in this Honorable Court arising out of the transactions
or occurrences alleged in this Compliant.

　　　　　　　　/s/Kathleen R. Kosman
　　　　　　　　Kathleen R. Kosman

NOW COME PLAINTIFFS **GEORGE SHANKLIN, MICHAEL CRAWFORD, DWAYNE MCWILLIAMS,** and **LONNIE NORMAN** on behalf of themselves and all similarly situated persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.,** and for their complaint against Defendant, **UNITED TOWING, INC,** state as follows:

## INTRODUCTION

This is a civil action brought on behalf of individuals who are or were employed by Defendant, United Towing, Inc. as tow truck drivers. In violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.,* Defendant has failed to pay overtime to its employees. By refusing to pay their employees overtime, Defendant is depriving Plaintiffs and similarly situated employees, known and unknown, of fair compensation for their labor.

On information and belief, Defendant has required Plaintiffs and similarly situated employees, known and unknown, to work many hours in excess of forty per week, yet, has refused to pay them time-and-a-half for that excess in violation of the FLSA.

Therefore, Plaintiffs now bring this FLSA collective action on behalf of a collective of similarly situated individuals, known and unknown, who were employed by Defendants as tow truck drivers. They seek all available remedies under the law.

## PARTIES

1. Plaintiff George Shanklin is a resident of Livonia, Michigan who was hired by Defendant as a tow truck driver from about October 2022 through May 2023.

2. Plaintiff Michael Crawford is a resident of Westland, Michigan who was hired by Defendant as a tow truck driver from about June 2022 through April 2023.

3. Plaintiff Dwayne McWilliams is a resident of Detroit, Michigan who was hired by Defendant as a tow truck driver from about October 2021 through August 2023.

4. Plaintiff Lonnie Norman is a resident of Detroit, Michigan who was hired by Defendant as a tow truck driver from August 2022 through August 2023.

5. Defendant United Towing Inc. is a company with its registered business address in Dearborn, Michigan.

6. Plaintiffs bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action, who are or were employed by Defendant as tow truck drivers, and who are or were not paid one-and-a-half times their hourly rate for any hour worked over forty hours in a week.

7. Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs bring their claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. Venue is proper in this Court because Defendant obligated itself to the Plaintiffs within Michigan, Defendant's registered address is located within the Eastern District of Michigan, and Plaintiffs reside within the Eastern District of Michigan.

## STATEMENT OF FACTS

10. United Towing is a tow truck business located in Dearborn, Michigan.

11. Defendant employed Plaintiffs and similarly situated employees, known and unknown, as tow truck drivers.

12. Plaintiffs and similarly situated employees, known and unknown, had their income paid on W2 and paid through payroll.

13. Defendant frequently required Plaintiffs to work far more than the 40 hours per week standardized by FLSA.

14. Upon information and belief, Plaintiffs have been required to work up to 90 hours per week.

15. Defendant does not pay Plaintiffs time-and-a-half for the hours spent in excess of 40 hours per week.

16. Plaintiff George Shanklin is a resident of Livonia, Michigan who was hired by Defendant as a Driver from about October 2022 through May 2023. He was never paid overtime for the more than 40 hours he worked each week.

17. Plaintiff Michael Crawford is a resident of Westland, Michigan who was hired by Defendant as a tow truck driver from about June 2022 through April 2023. He was never paid overtime for the more than 40 hours he worked each week.

18. Plaintiff Dwayne McWilliams is a resident of Detroit, Michigan who was hired by Defendant as a tow truck driver from about October of 2021 through August of 2023. While he was initially paid overtime for the more than the 40 hours he worked each week, Defendant suddenly stopped paying him overtime.

19. Plaintiff Lonnie Norman is a resident of Detroit, Michigan who was hired by Defendant as a tow truck driver from August 2022 through August 2023. He was never paid overtime for the more than 40 hours he worked each week.

20. On information and belief, Defendant followed, and continues to follow the practices described above.

21. Defendant subjects all tow truck drivers to the practice described above.

22. Defendant was aware of the overtime requirement because they have paid overtime in the past.

23. Defendants failed and continue to fail to adhere to the requirement of paying time and a half for hours worked over 40 hours in a week, resulting in Plaintiffs

and similarly situated employees, known and unknown, being unfairly and illegally uncompensated for their labor under the FLSA.

24. Defendant lacks the required approval from the Federal Motor Carrier Safety Administration (FMCSA) to take trips outside the State of Michigan.

25. Without the approval of the FMCSA, any interstate travel is illegal.

26. Further, Defendant lacks the required insurance to allow Plaintiffs to take trips outside of the State of Michigan.

## COLLECTIVE ACTION

27. Plaintiffs incorporate by reference all preceding paragraphs.

28. Count I is brought as collective actions under the FLSA, 29 U.S.C. § 216(b).

29. A copy of Plaintiffs' consent to bring their claims for failure to be paid overtime as required by the FLSA as a representative action is attached hereto as Exhibit A.

30. The representatives and those similarly situated have been equally affected by Defendant's failure to pay overtime for more than 40 hours worked in a week.

31. Furthermore, those class members still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

32.     The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals in the class.

33.     The representatives, those similarly situated, and Defendant have a commonality of interest in the subject matter and remedies sought.

34.     A collective action is appropriate because the Plaintiffs are "similarly situated."

35.     The class of individuals on behalf of whom the named Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs by Defendants; all individuals were or are subject to the same or similar unlawful practices, policies, or plans as the individually named Plaintiffs; and their claims are based upon the same legal theory as those of the named Plaintiffs.

36.     Defendants failed to pay Plaintiffs, and upon information and belief, other members of the class, the overtime required by the FLSA.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT COLLECTIVE ACTION FAILURE TO PAY OVERTIME

37.     Plaintiffs incorporate by reference all preceding paragraphs.

38. At all times relevant to this action, Plaintiffs and all similarly situated persons, known or unknown, were employees of Defendants within the meaning of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201, *et seq.*

39. At all times relevant to this action, Defendant was the employer of Plaintiffs and all similarly situated persons, known or unknown, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*

40. Defendant knowingly, intentionally, and willfully failed to compensate their employees for hours worked over forty hours per week at a rate of one-and-a-half times their regular rate, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

41. 29 U.S.C. § 213(b)(1) is not applicable to Defendant.

42. For the motor carrier exemption, Plaintiffs and all similarly situated persons, known or unknown, must have a reasonable expectation of interstate commerce.

43. Defendant has failed to follow the regulations established by the FMCSA for interstate travel.

44. Defendant is classified by the FMCSA as "Not Authorized."

45. The "Not Authorized" classification is defined by the FMCSA as, "the carrier does not have any operating authority and is not authorized to operate as an interstate, for-hire carrier."

46. Plaintiffs, and similarly situated persons, known and unknown, cannot have a reasonable expectation for interstate commerce when interstate commerce is unauthorized.

47. Defendant had a pattern and practice of refusing to fairly compensate Plaintiffs and other similarly situated persons, known and unknown, for their labor.

WHEREFORE, Plaintiffs and similarly situated employees, known and unknown, are entitled to an award of damages including but not limited to back pay for the unpaid overtime, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and all other damages as allowed by law and equity.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs **GEORGE SHANKLIN, MICHAEL CRAWFORD, DWAYNE MCWILLIAMS,** and **LONNIE NORMAN,** and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. Permission for individuals throughout the State of Michigan who are currently employed or were employed by Defendant as Drivers who were denied overtime despite working over 40 hours in a week, to opt into this action, pursuant to §216(b) of the FLSA;

b. Back pay for the difference between the hourly wages paid for every hour beyond 40 worked in a week, and the time and a half that was earned;

c. Liquidated and multiple damages as allowed by law, including double damages under the FLSA;

d. Compensatory damages and punitive damages;

e. An injunction prohibiting Defendant from further violations of the law as described here;

f. Post judgment assignment of attorneys' fees, costs, and interest;

g. Any other relief to which Plaintiffs may be entitled.

    Respectfully submitted,

    **MILLER COHEN, P.L.C.**

Dated: April 24, 2024

By:*/s/Kathleen R. Kosman*
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Kathleen R. Kosman (P77621)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
kkosman@millercohen.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| **GEORGE SHANKLIN, MICHAEL CRAWFORD, DWAYNE MCWILLIAMS** and **LONNIE NORMAN,**<br>　　　　Plaintiffs,<br><br>V<br><br>**UNITED TOWING INC.,**<br>　　　　Defendants. | Case No.<br>District Judge:<br>Magistrate Judge: |

**Miller Cohen P.L.C**
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Kathleen R. Kosman (P77621)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
kkosman@millercohen.com

## DEMAND FOR TRIAL BY JURY

NOW COME PLAINTIFFS GEORGE SHANKLIN, MICHAEL CRAWFORD, DWAYNE MCWILLIAMS, and LONNIE NORMAN on behalf of

themselves and all similarly situated persons, known and unknown, by and through their attorneys, **MILLER COHEN P.L.C**, and hereby demand for a trial by jury, for all issues so triable.

                              Respectfully submitted,

                              **MILLER COHEN, P.L.C.**

Dated: April 24, 2024           By:/*s/Kathleen R. Kosman*
                                      Bruce A. Miller (P17746)
                                      Keith D. Flynn (P74192)
                                      Kathleen R. Kosman (P77621)
                                      *Attorneys for Plaintiff*
                                      7700 Second Avenue, Suite 335
                                      Detroit, MI 48202
                                      (313) 964-4454 Phone
                                      (313) 964-4490 Fax
                                      kflynn@millercohen.com
                                      kkosman@millercohen.com